UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61283-LEIBOWITZ/AUGUSTIN-BIRCH

**PNC BANK, N.A.**,

    *Plaintiff,*

v.

**KOOL STUFF DESIGNS, LLC,** *et al.*,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff, PNC Bank N.A.'s ("PNC"), Motion for Entry of Final Default Judgment against Defendants, Kool Stuff Designs, LLC ("KSD"), Kinney Wu ("Wu"), and Belan Nguyen ("Nguyen") (collectively, "Defendants") filed on October 15, 2024 (the "Motion") [ECF No. 12]. The Court has considered the Motion and supporting documents, and the pertinent portions of the record and is otherwise fully advised in the premises. Defendants did not file a response to the Motion, and the time to do so has passed. For the following reasons, the Motion [**ECF No. 12**] is **DENIED WITHOUT PREJUDICE**.

    **I.**    **PROCEDURAL POSTURE**

On July 19, 2024, PNC filed a Complaint against Defendants for breach of loan documents and breach of guaranty. [ECF No. 1]. Defendant Nguyen was served on July 26, 2024, and Defendants KSD and Wu were served on August 16, 2024. [ECF No. 8]. Defendants failed to timely appear or respond. After Defendants failed to appear, PNC moved for entry of default against Defendants [ECF No. 9], which the Clerk of Court subsequently entered on September 11, 2024. [ECF No. 10].

On October 15, 2024, PNC moved for entry of final default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against KSD on its claim for breach of loan documents (Count I) and against Wu and Nguyen on its claim for breach of guaranty (Count II). [ECF No. 12]. As of today's date, Defendants have not responded to the Complaint, the Motion, nor any other filings in this case. Nor has an attorney made an appearance on Defendants' behalf.

## II.   BACKGROUND

As alleged in the Complaint, on April 22, 2019, KSD executed a Business Loan Application (the "Loan Application") to establish a $75,000.00 line of credit with PNC. [ECF No. 1 ¶ 7]. A copy of the Loan Application is attached to the Complaint. [ECF No. 1-1]. On August 22, 2019, Nguyen and Wu (collectively referred to as "Guarantors"), in connection with the Loan Application, agreed to personally guarantee and become surety for the prompt payment and performance of all obligations of KSD to PNC (the "Guaranty"). [ECF No. 1 ¶ 8]; [*see also* ECF No. 1-1 ¶ 3]. On October 16, 2019, KSD executed a Business Line of Credit Agreement (the "LOC Agreement"), whereby PNC agreed to extend KSD a line of credit in the maximum amount of $75,000.00 (the "LOC"). [ECF No. 1 ¶ 9]. A copy of the LOC Agreement is attached to the Complaint. [ECF No. 1-2]. On December 27, 2022, KSD entered into that certain Renewal of Line of Credit Agreement (the "Renewal"), whereby PNC agreed to renew KSD's line of credit pursuant to the Loan Application, Guaranty, and LOC Agreement. [ECF No. 1 ¶ 10]. A copy of the Renewal is attached to the Complaint. [ECF No. 1-3]. The Loan Application, Guaranty, LOC Agreement, and Renewal (hereinafter, the "Loan Documents") provide that KSD would be in default thereof if, among other things, KSD failed to make any payment when due. [ECF No. 1 ¶¶ 11, 12]. The Loan Documents further provide that, in the event of a default, PNC has the right to: (i) declare the entire outstanding principal, unpaid interest and charges under the Loan Documents to be immediately due and payable to PNC; (ii) increase the interest margin up to 5 percentage points (5.0%) over the variable interest rate on the LOC; and (iii)

require that KSD pay costs incurred by PNC in the collection of the outstanding amounts, including attorneys' fees and court costs. [*Id.* ¶ 13]; [ECF No. 1-2 ¶ 18].

PNC alleges that KSD has failed to make the required payments when due under the Loan Documents. [ECF No. 1 ¶ 14]. On May 28, 2024, PNC sent Defendants a Demand for Payment Letter (the "Demand Letter") informing Defendants that KSD was in default under the Loan Documents and demanding repayment of the full outstanding amount of the LOC. [*Id.* ¶ 15]. A copy of the Demand Letter is attached to the Complaint. [ECF No. 1-4]. On June 17, 2024, PNC sent Defendants an additional demand for payment letter relating to Defendants default under the Loan Documents, and demanding repayment of the full outstanding amount of the LOC (the "Second Demand Letter"). [ECF No. 1 ¶ 16]. A copy of the Second Demand Letter is attached to the Complaint. [ECF No. 1-5].

PNC alleges that KSD has failed to cure its defaults under the Loan Documents, and as of July 18, 2024, there was due and owing $79,024.16, consisting of unpaid principal in the amount of $74,899.29, plus accrued and unpaid interest in the amount of $3,955.59, and late charges in the amount of $169.28. [ECF No. 1 ¶ 17]. PNC contends that the full accelerated amount owed under the Loan Documents is immediately due and payable to PNC. [*Id.* ¶ 18]. PNC alleges in the Complaint that Wu and Nguyen have failed to ensure the prompt payment and performance of KSD's obligations under the Loan Documents to PNC, as required by the Guaranty. [*Id.* ¶ 19]. PNC also alleges that the Loan Documents and Guaranty provide that PNC is entitled to recover its costs and expenses, including reasonable attorneys' fees, incurred through the enforcement of its rights under the Loan Documents and Guaranty. [*Id.* ¶ 21].

In support of the Motion, PNC submitted the Declaration of Michael S. Rigsby regarding the amounts due and owing under the Loan Documents. [ECF No. 12-4].

3

### III.     APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments.  The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)).  Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

"[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245.  Thus, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).  If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

Once liability has been established, the court must assess the damages sought by examining the affidavits submitted.  *See, e.g.*, *Svetlick v. Lucius*, No. 08-61525, 2009 WL 1203925, at *1 (S.D. Fla. May 1, 2009) (awarding default judgment as to "the precise amount of damages, including actual

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

damages as well as liquidated damages" pursuant to the agreement between the parties). After entry of a default judgment, damages may be awarded "without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation, so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (cleaned up)). A district court "may conduct hearings … when, to enter or effectuate [a default] judgment, it needs to: … determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion"). "After ascertaining the appropriate amount of damages, the Court must enter final judgment in that amount." *Cincinnati Ins. Co. v. GC Works, Inc.*, No. 21-cv-21159, 2022 WL 787952, at *4 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted*, 2022 WL 783285 (S.D. Fla. Mar. 15, 2022).

### IV.   DISCUSSION

With the foregoing in mind, the Court turns to the allegations in the Complaint and PNC's Motion. As noted above, PNC moves for entry of a default judgment on its claims for breach of the Loan Documents and the Guaranty. The Court first addresses whether PNC has established that the Court has subject-matter jurisdiction over this action.

#### A.  *Subject-Matter Jurisdiction*

As courts of limited jurisdiction, we are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). To that end, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at

any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote and citations omitted). Consequently, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

The plaintiff has the burden of establishing federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *PTA-FL, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A court must dismiss the plaintiff's complaint if it determines that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

In the Complaint, Plaintiff alleges that this Court has diversity jurisdiction over this case. [ECF No. 1 ¶ 4]. A federal court has diversity jurisdiction over civil actions where there is a complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).[2] There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

### 1. Defendant KSD

The Complaint alleges that Defendant KSD "is a Florida limited liability company with its principal place of business in Lauderhill, Broward County, Florida." [ECF No. 1 ¶ 2].

The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to properly allege the citizenship of a limited liability company,

---

[2] The Complaint adequately alleges the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6

"a party must list the citizenships of all the members of the limited liability company[.]" *Id.* Moreover, "[t]he general allegation, based upon information and belief, that no member of an LLC is the citizen of a particular state is insufficient to carry the plaintiff's burden of alleging complete diversity between the parties." *Diverse Staffing Servs., Inc. v. Consultative Sales Pros.*, No. CV421-028, 2022 WL 1271726, at *2 (S.D. Ga. Apr. 28, 2022) (citing *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (citation and quotation marks omitted))).

In the Complaint, PNC makes no representation or showing regarding the citizenship of each of KSD's members. Therefore, the Complaint fails to sufficiently allege the citizenship of Defendant KSD for purposes of establishing diversity jurisdiction in this case.

### 2.  Defendants Wu and Nguyen

The Complaint alleges that Defendants Wu and Nguyen are "citizens of Florida" and "residents of Broward County, Florida." [ECF No. 1 ¶¶ 5, 6].

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the same as pleading domicile. *PNC Bank Nat'l Ass'n v. Schwiekhardt*, No. 13-cv-282, 2013 WL 4747052, at *1 (M.D. Fla. Sept. 4, 2013). "Residency is necessary, but insufficient, to establish [a natural person's] citizenship in a state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing *Travaglio*, 735 F.3d at 1269). Rather, "a natural person is a citizen of the state in which he is domiciled." *Id.* (citation omitted). A person's domicile "consists of two elements: residency in a state and intent to remain in that state." *Id.* (citation omitted).

The Court finds that the Complaint, which alleges that Defendants Wu and Nguyen are citizens of Florida and reside within this jurisdictional district, sufficiently alleges the citizenship of Defendants Wu and Nguyen for purposes of establishing diversity jurisdiction.

### 3. Plaintiff PNC Bank, N.A.

In the Complaint, PNC alleges that it is a national association and that its main office, as designated in its articles of association, is located in Delaware. [ECF No. 1 at 1]. Thus, PNC alleges it is a citizen of Delaware. [*Id.*].

"All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Accordingly, "[f]or diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office." *PNC Bank, Nat'l Ass'n v. Suite 208 Holdings, LLC*, No. 17-cv-1433, 2017 WL 9834352, at *3 (M.D. Fla. Dec. 15, 2017) (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006)).

The Court finds that the Complaint sufficiently alleges the citizenship of PNC for purposes of establishing diversity jurisdiction.

In sum, the Complaint fails to sufficiently allege the citizenship of Defendant KSD for purposes of establishing that the parties are completely diverse, and, in turn, that this Court has subject-matter jurisdiction over this case on the grounds of diversity of citizenship. Because the Court concludes that there is no proper showing that it has subject-matter jurisdiction, the Court's consideration of the case should end here. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (noting "[i]f the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action … *sua sponte*, if necessary[.]" (citations omitted)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."). However, the Court will allow PNC to submit evidence demonstrating that this Court has subject-matter jurisdiction based on diversity of citizenship.

## B. *Deficiencies in the Motion*

On top of the Court's lack of subject-matter jurisdiction over this action, which, as discussed above, is sufficient reason alone to deny the Motion, the Motion is deficient in several other respects.

First, the Motion does not incorporate a sufficient memorandum of law to support the entry of default judgment. Local Rule 7.1(a)(1) requires that every motion, subject to certain exceptions, incorporate a memorandum of law citing supporting authorities for the relief requested. *See* S.D. Fla. L.R. 7.1(a)(1); *see also Belony v. Amtrust Bank*, No. 09-82335-CIV, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (finding that a defendant's "failure to cite *any* authority … [made] it difficult for the Court to rule in [the defendant's] favor" and that the "deficient memorandum of law [was] itself a basis to deny [the] motion"). Here, the Motion cites only to Federal Rule of Civil Procedure 55(b) without arguing why default judgment is appropriate under the circumstances. [ECF No. 12 at 1]. *See Valle v. AA & K Restoration Grp., LLC*, No. 19-cv-20873, 2019 WL 13192198, at *1 (S.D. Fla. Oct. 23, 2019) (denying without prejudice unopposed motion for entry of default judgment, in part, because plaintiffs' motion did not include a discussion as to why default judgment is appropriate and did not include argument establishing plaintiffs' entitlement to default judgment).

Although Local Rule 7.1(a)(1) states that an "application for default" and "motion for judgment upon default" do not require a supporting legal memorandum, the Court is unable to enter default judgment where a party has not meaningfully discussed why the requested relief is warranted. *See St. Michael Press Publ'g Co. v. One Unknown Wreck Believed To Be The Archangel Michael*, No. 12-80596-Civ, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying motion for default judgment, in part, because the motion failed to include a legal memorandum, recognizing that "[t]he entry of default judgment is not automatic, and the Court must satisfy itself as to its authority to enter a final [default]

9

judgment against an absent defendant"). Therefore, there is nothing upon which the Court can rely for justification as to why default judgment is appropriate.

Second, "a proper motion for default judgment requires argument establishing a plaintiff's entitlement to default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2)." *Valle*, 2019 WL 13192198, at *2. "The mere entry of a default by the Clerk [of the Court] does not in itself warrant the entry of a default judgment by the Court." *Garrido v. Linden Contracting Servs., Inc.*, No. 14-cv-60469, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014). Instead, the Court "must find that there is a sufficient basis in the pleadings for the judgment to be entered." *Id.* (citing *Nishimatsu*, 515 F.2d at 1206). Therefore, "a proper motion for default judgment should state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the … complaint how the well-pleaded facts in the … complaint establish each element." *Valle*, 2019 WL 13192198, at *2 (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 12-cv-1486, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013)). Here, the Motion does not set forth the elements of the claims and does not demonstrate whether the allegations in the Complaint support entry of default judgment.

Third, PNC's claim for damages is not supported by the record. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"); *Angelini v. Remasur USA, LLC*, No. 16-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018) ("Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested."), *report and recommendation adopted sub nom.*, *Angelini v. Gonzalez*, 2018 WL 4409943 (S.D. Fla. June 11, 2018). The record support PNC's claim concerning the outstanding principal ($74,899.29) on the Loan. [*See* ECF No. 1 ¶ 17; ECF No. 1-4 at 3; ECF No. 1-5 at 3; ECF No. 12 ¶ 7; ECF No. 12-4 ¶ 8]. However, the record does not

support PNC's calculations of interest or late fees. PNC must explain how it calculated interest and late fees for the Court to ensure that there is a legitimate basis to support the requested amount of interest and late fees as part of the damages award. *See Philpot*, 317 F.3d at 1266; *Angelini*, 2018 WL 4410008, at *3.[3]

### V.     CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 12**] is **DENIED WITHOUT PREJUDICE**. Plaintiff shall submit evidence demonstrating that this Court has subject-matter jurisdiction based on diversity of citizenship and is directed to file a renewed Motion for Entry of Final Default Judgment that complies with this Order, the Local Rules, and the Federal Rules of Civil procedure **no later than November 14, 2024**. Failure to comply with this Order will result in dismissal of this case without further notice.

**DONE AND ORDERED** in the Southern District of Florida on October 31, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

---

[3] The Court notes that this is not the first time that PNC has been alerted to the same deficiencies the Court highlights in this Order. *See PNC Bank, N.A. v. Colmenares Bros., LLC*, No. 21-CV-24229, 2022 WL 4631908 (S.D. Fla. Aug. 29, 2022), *report and recommendation adopted*, No. 21-CV-24229, 2022 WL 4598684 (S.D. Fla. Sept. 30, 2022); *PNC Bank, Nat'l Ass'n v. Suite 208 Holdings, LLC.*, 2017 WL 9834352 (M.D. Fla. Dec. 15, 2017).