UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61283-LEIBOWITZ/AUGUSTIN-BIRCH

PNC BANK, N.A.,

    Plaintiff,

v.

KOOL STUFF DESIGNS, LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

This cause comes before the Court on Plaintiff PNC Bank, N.A.'s Motion for Attorneys' Fees, Expenses, and Costs. DE 17. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 20. Defendants Kool Stuff Designs, LLC, Kinney Wu, and Belan Nguyen have not responded to Plaintiff's Motion, and the time for them to do so has expired. For the reasons set forth below, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion [DE 17].

### I. Background

Plaintiff sued Defendants Kool Stuff Designs, Kinney Wu, and Belan Nguyen after they defaulted on a business loan. DE 1. Despite being served, DE 8-1; DE 8-2; DE 8-3, Defendants did not respond to Plaintiff's Complaint. As a result, Plaintiff moved for a clerk's entry of default, DE 9, and the Clerk's Office entered a default for all Defendants. DE 10. Thereafter, Plaintiff moved for default judgment, DE 14, and Judge Leibowitz granted default judgment in Plaintiff's

favor. DE 15; DE 16. After obtaining a default judgment, Plaintiff filed the present Motion for Attorneys' Fees, Expenses, and Costs, seeking $8,951 in fees and $764 in costs. DE 17.

## II. Plaintiff is Entitled to Reasonable Fees and Costs

Under the "American Rule," prevailing litigants normally pay their own fees unless a statute or contract permits recovery from the non-prevailing party. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). In its Motion, Plaintiff contends that Florida law and the terms of Defendants' loan documents entitle it to its attorney's fees and costs.[1] DE 17 at 2. Specifically, Plaintiff highlights Defendants' loan application, which includes the following provision:

> To the extent that the Bank incurs any costs or expenses in protecting or enforcing its rights under the Obligations or this guaranty, including reasonable attorneys' fees and the costs and expenses of litigation, such costs and expenses will be due on demand, will be included in the Obligations, and will bear interest from the incurring or payment thereof in accordance with the Terms and Conditions.

DE 1-1 at 3. Plaintiff also explains that Defendants' line of credit agreement provides that, upon default, Plaintiff can recover "our attorneys' fees and legal expenses whether or not there is a lawsuit." DE 1-2 at 5. Based on these provisions—and Judge Leibowitz's ruling that Plaintiff, as the prevailing party, is entitled to recover its attorney's fees and costs, DE 15 at 11—the Court concludes that Plaintiff is entitled to recover its reasonable attorney's fees and costs.

## III. Reasonable Attorney's Fees

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his

---

[1] Although Plaintiff claims Florida law supports its entitlement to attorney's fees and costs, Plaintiff does not actually cite to a Florida statute or any other Florida authority. *See* DE 17 at 2.

or her fees bears the burden of justifying the reasonableness of their requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

### A. Reasonable Hourly Rates

Plaintiff seeks to recover attorney's fees for four timekeepers: (1) Attorney Richard Aguilar, (2) Attorney Carter Pope, (3) Attorney Lauren Baio, and (4) Paralegal Catherine Lockley. *See* DE 17-1 at 5–15. The hourly rates Plaintiff requests are as follows: $280 for Attorneys Aguilar, Pope, and Baio and $155 for Paralegal Lockley. *Id.* at 2. The justification, however, for Plaintiff's requested hourly rates is largely absent from Plaintiff's briefing. For example, Plaintiff does not include any previous instances where its timekeepers were awarded their requested hourly rates, nor does Plaintiff include any caselaw demonstrating similar awards for attorneys of comparable skill, experience, and reputation. Additionally, Plaintiff does not provide the experience for all of its timekeepers. The only information the Court has about the timekeepers' experience is Attorney Pope's affidavit, which states that Attorney Pope was admitted to the Florida Bar in 2022. *Id.* ¶ 2. But Attorney Pope's affidavit says nothing about the experience of Attorney Aguilar, Attorney Baio, or Paralegal Lockley, outside of mentioning their titles within their law firm. *See id.* at 1–2.

3

Nevertheless, the Court has determined from the Louisiana Bar website that Attorney Aguilar was admitted to practice in 1986.[2] *See* Ricardo A. Aguilar, *LBSA Membership Directory*, THE LOUISIANA STATE BAR ASSOCIATION, https://www.lsba.org/MD321654/MembershipDirectoryV1.aspx (last visited Apr. 14, 2025). And from the Florida Bar website, the Court has determined that Attorney Baio was admitted to practice in 2017. *See* Lauren Anna Baio, *Member Profile*, THE FLORIDA BAR, https://www.floridabar.org/directories/find-mbr/profile/?num=1002909 (last visited Apr. 14, 2025). The Court could not find any information about Paralegal Lockley's experience.

Based on Attorney Aguilar's considerable experience and previous court awards, the Court finds Attorney Aguilar's hourly rate of $280 to be reasonable. *See Transp. All. Bank, Inc. v. PeeWee's Hauling, Inc.*, No. 218CV499FTM66MRM, 2020 WL 7232239, at *3 (M.D. Fla. Oct. 6, 2020) (recommending $395 hourly rate for Attorney Aguilar), *report and recommendation adopted*, No. 2:18-CV-499-JLB-MRM, 2020 WL 7229748 (M.D. Fla. Dec. 8, 2020). Based on Attorney Baio's experience and previous court awards, the Court finds an hourly rate of $250 to be reasonable. *See PNC Bank, N.A. v. Colmenares Brothers, LLC*, No. 21-24229-CIV, 2023 WL 9289067, at *4 (S.D. Fla. Nov. 15, 2023) (finding $250 hourly rate reasonable for Attorney Baio), *report and recommendation adopted sub nom. PNC Bank, NA v. Colmenares Brothers, LLC*, No. 21-24229-CIV, 2024 WL 181682 (S.D. Fla. Jan. 17, 2024). Attorney Baio was awarded fees at an hourly rate of $250 just last year, and Plaintiff's briefing does not include any reason for awarding Attorney Baio fees at a higher rate now. Based on Attorney Pope's experience,[3] the Court finds an hourly rate of $250 to also be reasonable. *See Hernandez v. Scottsdale Ins. Co.*, No. 21-CV-20687-JLK, 2023 WL 5939635, at *3 (S.D. Fla. Aug. 28, 2023) (finding hourly rate of $250 to be

---

[2] Attorney Aguilar is listed as "Ricardo A Aguilar" on the Louisiana Bar website.

[3] The Court could not find any previous court awards for Attorney Pope.

reasonable for junior-level associates with one to three years of experience), *report and recommendation adopted*, No. 1:21-CV-20687-JLK, 2023 WL 5932920 (S.D. Fla. Sept. 12, 2023). And finally, the Court finds an hourly rate of $135 to be reasonable for Paralegal Lockley based on previous court awards. *See PNC Bank, N.A.*, 2023 WL 9289067, at *4 (finding hourly rate of $135 to be reasonable for Paralegal Lockley). Paralegal Lockley was awarded fees at an hourly rate of $135 just last year, and Plaintiff's briefing does not include any reason for awarding fees at a higher rate now. Accordingly, the Court recommends awarding Plaintiff fees based on the following hourly rates: (1) $280 for Attorney Aguilar, (2) $250 for Attorneys Baio and Pope, and (3) $135 for Paralegal Lockley.

### B. Hours Reasonably Expended

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the total hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Ultimately, when reviewing fee applications, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, Plaintiff's timekeepers expended a total of 34.8 hours, which is broken down per timekeeper as follows: .1 hours by Attorney Aguilar, 8.5 hours by Attorney Baio, 21.2 hours by Attorney Pope, and 5 hours by Paralegal Lockley. DE 17-1 at 2. After reviewing the timekeepers' billing records, the Court finds 34.8 hours to be unreasonably high given five issues the Court has identified: (1) billing for clerical work, (2) vague billing entries, (3) billing for extensions of time, (4) billing for work necessitated by Plaintiff, and (5) fees on fees. The Court will discuss these issues in turn.

### 1. Clerical Work

Litigants may not recover fees for tasks which are purely clerical or secretarial in nature. *See Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))). This rule applies regardless of whether the clerical work was done by an attorney or a paralegal. *See Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013) ("Fees for paralegal work are recoverable to the extent that the paralegal performs work traditionally done by an attorney." (quotation marks omitted)); *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.,* No. 18-CV-81689, 2021 WL 3361172, at *12 (S.D. Fla. Jan. 12, 2021) ("The general rule regarding work performed by paralegals is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an award of attorney's fees. However, work that is clerical or secretarial in nature is not separately recoverable." (citation and quotation marks omitted)); *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LHP, 2024 WL 473775, at *22 (M.D. Fla. Jan. 4, 2024) ("The undersigned agrees with Plaintiff that clerical work is not recoverable even when performed by a paralegal."), *report and recommendation adopted*, No. 6:20-CV-1824-PGB-LHP, 2024 WL 863117 (M.D. Fla. Feb. 29, 2024).

Here, Paralegal Lockley billed .8 hours for clerical work. Specifically, Paralegal Lockley billed .3 hours on July 18, 2024, to "Redact exhibits A–F to Complaint." DE 17-1 at 7. And, on July 19, 2024, Paralegal Lockley billed .5 hours to "Upload complaint, exhibits, 3 summons and civil cover sheet to CM/ECF." *Id.* Both of these tasks are clerical in nature, and thus the Court recommends deducting .8 hours from Paralegal Lockley's total hours.

## 2. Vague Entries

On four occasions, Paralegal Lockley billed .1 hours for status updates. *See id.* at 8–9 (billing entry on September 19, 2024, for "Update status of matter," two billing entries on October 15, 2024, for "Update Status," and billing entry on October 22, 2024, for "Status Update"). Without a more detailed description of what these status updates entailed, the Court cannot determine whether these billing entries were for clerical or non-clerical work. As such, the Court recommends deducting .4 hours from Paralegal Lockley's total hours to account for these vague entries. *See Caldwell v. Seychelles Ltd.*, No. 0:23-CV-61267, 2024 WL 4202125, at *6 (S.D. Fla. Aug. 16, 2024) (recommending reduction of billed hours to account for vague billing entries).

## 3. Billing for Extensions of Time

Courts generally do not award fees for time a party spent to seek extensions of time. *See Danow v. L. Off. of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1344 (S.D. Fla. 2009) ("[T]he Court finds that plaintiff should not be compensated for time spent preparing motions for extensions of time . . . ."); *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138, 2024 WL 1286139, at *8 (S.D. Fla. Mar. 11, 2024) ("It is unreasonable to require Defendants to pay the bills associated with extensions that Plaintiff and her counsel needed."), *report and recommendation approved*, No. 22-62138-CIV, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024). Here, Attorney Baio billed a total of .5 hours for work done on a motion for extension of time. *See* DE 17-1 at 9 (billing entries on October 15, 2024, for .3 hours to "Strategize motion for extension of time to file motion for final default judgment and declaration of PNC supporting motion for final default judgment" and .2 hours to "Draft motion for extension of time to file motion for final default judgment"). Accordingly, the Court recommends deducting .5 hours from Attorney Baio's total hours.

7

### 4. Work Necessitated by Plaintiff

Judge Leibowitz denied Plaintiff's first motion for default judgment without prejudice because of the motion's numerous deficiencies. *See* DE 13. Judge Leibowitz also noted within his Order that "this is not the first time that [Plaintiff] has been alerted to the same deficiencies the Court highlights." *Id.* at 11 n.3. Thereafter, Plaintiff filed a renewed motion for default judgment, DE 14, and Judge Leibowitz granted that motion. DE 15. Because Plaintiff's need to file a renewed motion for default judgment was due to the mistakes in its original motion—mistakes which have been pointed out to Plaintiff in the past as well—the Court concludes that it would be unreasonable to require Defendants to pay for the work associated with Plaintiff's renewed motion for default judgment. *See Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1336 (S.D. Fla. 2008) ("Defendants are not responsible for fees incurred from Plaintiff's mistakes . . . ."). Accordingly, the Court recommends deducting 2.3 hours from Attorney Baio's total hours and 7.5 hours from Attorney Pope's to account for the work on the renewed motion for default judgment, which was necessitated by Plaintiff's mistakes in its first motion for default judgment. These hours are as follows:

1. November 1, 2024: .6 hours by Attorney Pope for "Further analysis of Order denying Final Judgment in anticipation of filing revised Motion";
2. November 1, 2024: .5 hours by Attorney Baio to "Analyze court's order denying motion for final default judgment against obligors";
3. November 5, 2024: .8 hours by Attorney Pope to "Research pleading threshold and damage allegations in response to court order requiring more specificity regarding same";
4. November 12, 2024: .3 hours by Attorney Baio to "Review case file and docket for required renewed motion for final default judgment";

5. November 13, 2024: .4 hours by Attorney Pope for "Detailed correspondence with client regarding calculation of updated payoff, for inclusion in renewed motion as directed by the Court";

6. November 13, 2024: 1.6 hours by Attorney Pope to "Revise Renewed Motion for Final Default Judgment's statement of facts and summary loan documents as directed by the Court";

7. November 13, 2024: 1.7 hours by Attorney Pope to "Revise Renewed Motion for Final Default Judgment's memorandum of law as directed by the Court";

8. November 13, 2024: .8 hours by Attorney Pope for "Further analysis of Court Order denying Default Judgment Motion";

9. November 14, 2024: 1.3 hours by Attorney Pope to "Revise and finalize Renewed Motion for final default judgment with damage calculation provided by Client";

10. November 14, 2024: .3 hours by Attorney Pope for "Correspondence with Client regarding calculations for renewed motion for final judgment";

11. November 14, 2024: .3 hours by Attorney Baio to "Analyze order denying motion for final default judgment for corrections to be made to renewed motion for final default judgment"; and

12. November 14, 2024: 1.2 hours by Attorney Baio to "Review and revise renewed motion for final default judgment against obligors."

DE 17-1 at 9–11.

### 5. Fees on Fees

As explained by the Eleventh Circuit, the Florida Supreme Court "has held that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable,

9

fees incurred for litigating the amount of attorney's fees are not."[4] *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993)); *see also Illoominate Media, Inc. v. CAIR Fla., Inc.*, No. 22-10718, 2022 WL 4589357, at *5 (11th Cir. Sept. 30, 2022) ("CAIR should take heed that fees incurred for litigating the amount of recoverable attorney's fees are themselves not recoverable."). Following *McMahan*, courts within this District have routinely refused to award fees on fees, which are the fees incurred for litigating the amount of recoverable attorney's fees. *See, e.g.*, *Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 1:21-CV-24284-MORENO/GOODMAN, 2024 WL 3994657, at *13 (S.D. Fla. Aug. 13, 2024) ("The Eleventh Circuit has held, following a Florida Supreme Court decision, that while attorney's fees incurred for litigating the issue of entitlement to attorney[']s fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." (quotation marks and emphasis omitted)), *report and recommendation adopted*, No. 21-24284-CIV, 2024 WL 3983994 (S.D. Fla. Aug. 28, 2024); *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-CIV-61741, 2018 WL 3110799, at *13 (S.D. Fla. Apr. 11, 2018) ("[B]ecause Defendants' entitlement to attorneys' fees is not at issue, and the action is governed by Florida law pursuant to the Agreement, the Court finds that Defendants/Appellees are not entitled to any 'fees on fees' in the district court or appellate proceedings."), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prod. Enters., LLC*, No. 15-CV-61741, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018); *Chavez v. Mercantil Commercebank*, N.A., No. 10-23244-CIV, 2015 WL 136388, at *5 (S.D. Fla. Jan. 9, 2015) ("Under Florida law that governs this case, those 'fees on fees' are not recoverable."). And some Florida District Courts of Appeal have interpreted *Palma*, the case the Eleventh Circuit cited in *McMahan*, as creating a categorical bar on fees on fees. *See Mallas v. Mallas*, 326 So. 3d 704, 706 (Fla. 4th DCA 2021) ("Although the Court [in *Palma*] solely considered whether an

---

[4] Plaintiff asserts that Florida law applies to this action. *See* DE 17 at 2.

10

award of fees for fees was proper under section 627.428, some courts have interpreted *Palma* as categorically disapproving of fees for fees awards.") (collecting cases).

In Judge Leibowitz's December 9, 2024 Order granting Plaintiff's renewed motion for entry of final default judgment, Judge Leibowitz ruled that "[Plaintiff], as the prevailing party, is entitled to seek recovery of its attorney's fees, costs, and expenses." DE 15 at 11. Thus, as of December 9, 2024, Plaintiff's entitlement to attorney's fees was no longer at issue, and Plaintiff cannot recover fees it incurred thereafter for litigating the amount of attorney's fees. The Court therefore recommends deducting 1.8 hours from Attorney Baio's total hours and 2.2 hours from Paralegal Lockley's total hours to account for time billed to litigate the amount of attorney's fees. Specifically, the Court recommends disallowing the following billing entries:

1. December 9, 2024: .4 hours by Paralegal Lockley to "Draft affidavit as to attorneys' fees";
2. December 9, 2024: .5 hours by Paralegal Lockley to "Draft motion for attorneys' fees";
3. December 9, 2024: .3 hours by Attorney Baio to "Email update on default final judgment to Melissa Johnson and motion for attorney's fees and costs";
4. December 10, 2024: .2 hours by Paralegal Lockley to "Draft Affidavits as to Non-Military Service for Defendants":
5. December 10, 2024: .3 hours by Paralegal Lockley to "Draft proposed Order Granting Motion for Attorneys' Fees and Costs";
6. December 10, 2024: .3 hours by Paralegal Lockley to "Draft Affidavit as to Reasonableness of Attorneys' Fees and Costs";
7. December 12, 2024: .1 hours by Paralegal Lockley to "Revise Affidavit as to Attorneys' Fees";
8. December 12, 2024: .1 hours by Paralegal Lockley to "Pull updated fees information to input into Motion for Attorneys' Fees and Costs";
9. December 12, 2024: .2 hours by Paralegal Lockley to "Revise Motion for Attorneys' Fees and Costs";

10. December 12, 2024: .1 hours by Paralegal Lockley to "Revise affidavit as to reasonableness of attorneys' fees"; and

11. December 12, 2024: 1.5 hours by Attorney Baio to "Revise motion for attorney's fees and costs, affidavit of attorney's fees, and affidavit as to reasonableness of attorney's fees for filing with the court."

DE 17-1 at 11–12.

### 5. Total Deductions

After the deductions discussed above, the Court finds .1 hours by Attorney Aguilar, 3.9 hours by Attorney Baio (8.5 hours – 1.8 hours for fees on fees – .5 hours for motion for extension of time – 2.3 hours for work necessitated by Plaintiff), 13.7 by Attorney Pope (21.2 hours – 7.5 for work necessitated by Plaintiff), and 1.6 hours by Paralegal Lockley (5 hours – .8 hours for clerical work – .4 hours for vague billing entries – 2.2 hours for fees on fees) to be reasonable.

### C. Lodestar Calculation

The last step in determining reasonable attorney's fees is determining the lodestar amount, which "is determined by multiplication of a reasonable hourly rate times hours reasonably expended." *Norman*, 836 F.2d at 1302. The Court utilizes the following table to calculate the loadstar amount:

|  | **Reasonable Hourly Rate** | **Reasonable Hours** | **Total** |
|---|---|---|---|
| **Attorney Aguilar** | $280 | .1 | $28 |
| **Attorney Baio** | $250 | 3.9 | $975 |
| **Attorney Pope** | $250 | 13.7 | $3,425 |
| **Paralegal Lockley** | $135 | 1.6 | $216 |

Accordingly, the Court recommends awarding Plaintiff $4,644 in attorney's fees.

### IV. Costs

Plaintiff incurred $764 in costs during this litigation. DE 17-1 at 15. Since Defendants' loan documents permit Plaintiff to recover its litigation costs and expenses, *see* DE 1-1 at 3; DE 1-2 at 5, the Court recommends awarding Plaintiff $764 in costs.

### V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorneys' Fees, Expenses, and Costs and awarding Plaintiff $4,644 in attorney's fees and $764 in costs for a total award of $5,408.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 14th day of April, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE